IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**MATTHEW PARTON, on behalf of
himself and others similarly situated;**

      **PLAINTIFF,**

v.                                                                                         Civil Action No.  3:22-cv-00014

**BIMBO BAKERIES USA, INC.,**
**a Delaware Corporation;**
**JOHN DOE and JANE DOE, unknown**
**employees or officers of Bimbo Bakeries USA, Inc.;**
**and DOE CORPORATION, an unknown private**
**business organization,**

      **DEFENDANTS.**

## COLLECTIVE ACTION COMPLAINT

COMES NOW the Plaintiff, Matthew Parton, by and through his counsel, Stephen P. New and Amanda J. Taylor of the law firm New, Taylor & Associates, and Anthony J. Majestro of the law firm Powell & Majestro, on behalf of himself and other similarly situated individuals, and for his collective action lawsuit against the Defendant, Bimbo Bakeries USA, Inc., hereby alleges and avers as follows:

### NATURE OF THE CASE

1. The present case is a collective action lawsuit brought by the Plaintiff, Matthew Parton, on behalf of himself and a collective of similarly situated individuals whose wages have been improperly withheld and/or reduced by their employer, Bimbo Bakeries USA, Inc.

2. As a result of Bimbo Bakeries USA, Inc.'s withholding and/or reduction of wages, the Plaintiff, Matthew Parton, and the similarly situated individuals have lost and continue to lose significant income.

3. Additionally, the present case is a collective action lawsuit brought by the Plaintiff, Matthew Parton, on behalf of himself and a collective of similarly situated individuals who were not paid the requisite minimum wage by their employer, Bimbo Bakeries USA, Inc.

4. As a result of Bimbo Bakeries USA, Inc.'s failure to pay the requisite minimum wage, the Plaintiff, Matthew Parton, and the similarly situated individuals have lost and continue to lose significant income.

5. Furthermore, the present case is a collective action lawsuit brought by the Plaintiff, Matthew Parton, on behalf of himself and a collective of similarly situated individuals who were not paid requisite overtime wages by their employer, Bimbo Bakeries USA, Inc.

6. As a result of Bimbo Bakeries USA, Inc.'s failure to pay the requisite minimum wages, the Plaintiff, Matthew Parton, and the similarly situated individuals have lost and continue to lose significant income.

7. This collective action lawsuit seeks damages, punitive damages, injunctive relief, extraordinary relief, costs, attorney's fees, and other relief as a result of Bimbo Bakeries USA, Inc.'s conduct described herein.

**PARTIES**

8. The Plaintiff, Matthew Parton (hereinafter "Plaintiff"), is, and at all times relevant herein was, a resident of Raleigh County, West Virginia. The Plaintiff maintains an address of 104 Hartley Avenue, Beckley, West Virginia 25801. The Plaintiff is, and at all times relevant herein was, employed by Bimbo and/or its predecessors in interest.

9. The Defendant, Bimbo Bakeries USA, Inc. (hereinafter "Bimbo"), is, and at all times relevant herein was, a corporation organized under the laws of the State of Delaware. Bimbo maintains offices and business operations throughout the State of West Virginia, including a local office which it operates under the name "Heiner's Bakery" located at 1300 Adams Avenue, Huntington, West

Virginia 25704.  Bimbo is, and at all times relevant herein was, authorized to and does conduct business in the State of West Virginia.

10. The names and capacities of the Defendants sued herein as John Doe, Jane Doe, and Doe Corporation are currently unknown to the Plaintiff, who therefore sues such Defendants by such fictitious names.  Each of the Defendants designated herein as a John Doe, Jane Doe, or Doe Corporation is legally responsible in some manner for the unlawful acts referred to herein.  The Plaintiff will seek leave of the Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Doe Defendants when such identities become known.

### JURISDICTION AND VENUE

11. Pursuant to 28 U.S.C. § 1331, this Honorable Court has jurisdiction over the present case as the claims of the Plaintiff include, *inter alia*, federal questions relating to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq*.

12. Pursuant to 28 U.S.C. § 1332, this Honorable Court has jurisdiction over the present case as the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the matter is between citizens of different states.

13. Pursuant to 28 U.S.C. § 1391, venue is proper in this Honorable Court because a substantial portion of the events or omissions giving rise to the claims occurred within this judicial district.

### COLLECTIVE ACTION ALLEGATIONS

14. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 13 of this Complaint as if fully set forth verbatim herein.

15. The Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b).  The Plaintiff and the similarly situated individuals work(ed) as drivers and delivery-persons for Bimbo (hereinafter collectively referred to as "Collective Members").  The proposed collective is defined as follows:

    (a)    All individuals who had their wages improperly withheld or reduced by Bimbo Bakeries USA, Inc. for underpayment or nonpayment of returned products;

    (b)    All individuals who were not paid minimum wage rate of pay by Bimbo Bakeries USA, Inc.; and

    (c)    All individuals who were not paid overtime pay by Bimbo Bakeries USA, Inc.

16.    The Plaintiff reserves the right to redefine the Collective prior to formal certification.

17.    The Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and his consent form is attached as **Exhibit A**. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

18.    The number of persons who are members of the Collective, as described hereinabove, is so numerous that joinder of all members in one action is impracticable.

19.    Questions of law and fact that are common to the Collective predominate over individual questions of law and fact because the actions of Bimbo complained of herein were generally applicable to all members of the Collective. These legal and factual questions include, but are not limited to:

    (a)    Whether Bimbo has committed acts or breaches of duties to the Plaintiff and similarly situated individuals by improperly withholding or reducing their wages for products returned from retail stores as unsold;

    (b)    Whether Bimbo failed to pay the Plaintiff and similarly situated individuals the minimum wage rate of pay as required by the FLSA;

    (c)    Whether Bimbo failed to pay the Plaintiff and similarly situated individuals overtime pay as mandated by the FLSA;

    (d)    Whether the Plaintiff and similarly situated individuals have suffered damages because of Bimbo's wage payment practices;

  (e) Whether Bimbo has been unjustly enriched by its wage payment practices to the Plaintiff and similarly situated individuals; and

  (f) Whether Bimbo wage payment practices constitute fraud.

20. All questions, actions, and inactions by Bimbo at issue are similarly common. A determination of Bimbo's payment procedures for returned products, overtime, and minimum wage will apply to all members of the Collective. Furthermore, whether Bimbo violated any applicable state laws and pursued the course of conduct complained of herein, whether Bimbo acted intentionally or recklessly in engaging in the conduct described herein, and the extent of the appropriate measure of declaratory relief, damage, and restitution are common questions to the members of the Collective.

21. The Plaintiff's claims are typical of the members of the Collective. The Plaintiff, like all members of the Collective, had monies improperly withheld from his wages for products that were returned from retail stores as unsold. Additionally, the Plaintiff, like all other members of the Collective, was not paid the prevailing minimum wage and was not properly compensated for hours worked in excess of forty (40) hours per week.

22. The Plaintiff will adequately and fully represent and protect the interest of the members of the Collective because of the common injuries and interests of the members of the Collective and the singular conduct of Bimbo that is or was applicable to all members of the Collective. The Plaintiff has retained legal counsel who is competent and experienced in the prosecution of collective action litigation. The Plaintiff has no interest that is contrary to or in conflict with those of the Collective he seeks to represent.

23. The claims of the Collective may be certified under Rule 23 of the *Federal Rules of Civil Procedure*. The members of the Collective seek declaratory relief as well as considerable monetary relief.

## FACTS

24. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 23 of this Complaint as if fully set forth verbatim herein.

25. Bimbo is an employer within the meaning of the 29 U.S.C. § 203.

26. At all times relevant hereto, the Plaintiff was employed by Bimbo and acting within the scope of his employment.

27. During the time period relevant to this action, the Plaintiff was a driver and delivery-person for Bimbo.

28. As a driver and delivery-person, the Plaintiff was required to work a minimum of eight (8) hours per day, five (5) days per week.

29. The Plaintiff receives a base pay of Three Hundred Fifteen Dollars ($315.00) per week, regardless of the number of actual hours the Plaintiff works.

30. The Plaintiff did not and does not receive additional pay for hours worked in excess of forty (40) hours per week.

31. In addition to the base pay of Three Hundred Fifteen Dollars ($315.00) per week, the Plaintiff receives bonus and/or incentive pay based upon the number of products sold by retail stores to which he delivers.

32. The additional bonus and/or incentive pay received by the Plaintiff is based upon a mathematical formula created by Bimbo.

33. The mathematical formula created by Bimbo provides that the Plaintiff is to receive bonus and/or incentive compensation based upon the products sold by retail stores to which he delivers.

34. The amount to be received by the Plaintiff is based upon the wholesale price for each product as determined by Bimbo, but is credited only if a product is sold by the retail stores at the higher retail amount.

35. If products are not sold by retail stores and thus must be returned to Bimbo, the Plaintiff's account is charged for the unsold products; the amount charged is not, however, the wholesale price as used bonus and/or incentive credits but instead the higher retail price as sold by retail stores.

36. The formula developed by Bimbo for bonus and/or incentive credits and charges for unsold products unlawfully charges the Plaintiff for products that are not sold by retail stores.

37. In fact, Bimbo actually receives more for unsold products by charging the Plaintiff's account than it does for products actually sold by retailers.

38. After the unsold products are returned, Bimbo sells the previously unsold products to third-parties, such as hog farms, thereby profiting even further from the Plaintiff's loss. The Plaintiff and the other Collective Members do not receive any money or other compensation from these third-party sales.

39. The Plaintiff and other Collective Members have expressed concerns with management at Bimbo regarding the aforementioned issues with Bimbo's mathematical formula for bonus and/or incentive credits and account charges. However, those concerns were dismissed by management with no consideration or investigation.

40. The weekly base pay received by the Plaintiff does not equate to the federal minimum wage requirements.

41. Furthermore, the Plaintiff has never been paid time-and-a-half for hours in excess of forty (40) hours per week.

42. Bimbo's unlawful withholding and reduction of wages relating to returned products is so clear as to appear intentional.

43. Bimbo's failure to pay minimum wage is so clear as to appear intentional.

44. Bimbo's failure to pay overtime is so clear as to appear intentional.

45. The violations of law set forth herein are and were part of a continuing practice and continue to this day.

46. On or about June 4, 2021, Plaintiff and other Collective Members filed a grievance through the Retail, Wholesale, and Department Store Union Local No. 21, AFL-CIO regarding the above stated activities of Defendants. The final resolution of this union grievance was that the Defendants had committed no acts in violation of the Collective Bargaining Agreement. (See, **Exhibit B**). Plaintiff and other Collective Members disagree with this finding. Plaintiff and other Collective Members have exhausted all remedies available to them under the Collective Bargaining Agreement.

## COUNT I
## IMPROPER WITHHOLDING AND/OR REDUCTION OF WAGES FOR RETURNED PRODUCTS

47. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 46 of this Complaint as if fully set forth verbatim herein.

48. The mathematical formula created by Bimbo was devised in such a way as to maximize the profits of Bimbo at the expense of the Plaintiff and other Collective Members.

49. Specifically, Bimbo charges all returned products against the Plaintiff and other Collective Members at the higher retail price as opposed to the wholesale price to retail stores, thereby reducing the wages paid to the Plaintiff and other Collective Members and decreasing, or altogether eliminating, any losses suffered by Bimbo.

50. Thereafter, Bimbo sells the previously unsold products to third-parties and profits at the expense of the Plaintiff and other Collective Members.

51. As stated above, the mathematical formula developed by Bimbo for bonus and/or incentive credits and charges for unsold products unlawfully charges the Plaintiff and other Collective Members retail prices for products that are not sold by retail stores.

52. The unlawful charges to the Plaintiff and other Collective Members for unsold products constitute an unlawful reduction and nonpayment of wages under the FLSA.

53. Bimbo's violations of the FLSA are continuing and intentional.

54. Bimbo is liable to the Plaintiff and other Collective Members in the amounts unlawfully reduced, deducted, or eliminated from, or charged against, his wages for unsold products.

55. Bimbo is liable to the Plaintiff for attorney's fees and costs as a result of Bimbo's refusal to pay the Plaintiff wages which he is properly due and owing.

## COUNT II
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO 29 U.S.C. §206

56. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 55 of this Complaint as if fully set forth verbatim herein.

57. Federal minimum wage requirements are governed by 29 U.S.C. §206.

58. Effective July 24, 2009, the federal minimum wage was not less than Seven Dollars and Twenty-Five Cents ($7.25) per hour.

59. The base pay rate paid by Bimbo to the Plaintiff and other Collective Members at all times herein was less than the required minimum wage.

60. Bimbo's violations of FLSA regarding failure to pay minimum wage are continuing and intentional.

61. Bimbo is liable to the Plaintiff and other Collective Members for the amount of his unpaid minimum wages.

62. Bimbo is liable to the Plaintiff and other Collective Members for attorney's fees and costs as a result of its failure to pay the Plaintiff minimum wage.

## COUNT III
### FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. §207

63. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 62 of this Complaint as if fully set forth verbatim herein.

64. Federal overtime requirements are governed by 29 U.S.C. §207.

65. Bimbo is subject to the overtime provisions of the FLSA.

66. Bimbo has regularly required the Plaintiff and other Collective Members to work in excess of forty (40) hours per week.

67. Bimbo did not compensate the Plaintiff and other Collective Members for their work in excess of forty (40) hours per week at a rate of one and one-half times the regular rate at which they were employed.

68. Bimbo's violations of the FLSA regarding refusal to pay overtime are continuing and intentional.

69. Bimbo is liable to the Plaintiff and the other Collective Members in the amount of their unpaid overtime compensation.

70. Bimbo is liable to the Plaintiff and other Collective Members for attorney's fees and costs as a result of Bimbo's failure to compensate the Plaintiff for overtime.

## COUNT IV
### UNJUST ENRICHMENT

71. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 70 of this Complaint as if fully set forth verbatim herein.

72. By improperly withholding or reducing the wages of the Plaintiff and other Collective Members for products returned from retail stores as unsold, Bimbo has repeatedly taken property and monies from the Plaintiff and other Collective Members.

73. By improperly withholding or reducing the wages of the Plaintiff and other Collective Members for products returned from retail stores as unsold, Bimbo has converted property which belongs to the Plaintiff and other Collective Members to its own use.

74. By improperly withholding or reducing the wages of the Plaintiff and other Collective Members for products returned from retail stores as unsold, Bimbo has unjustly enriched itself.

75. By failing and/or refusing to pay the Plaintiff and other Collective Members minimum wage, Bimbo has repeatedly taken property and monies from the Plaintiff and other Collective Members.

76. By failing and/or refusing to pay the Plaintiff and other Collective Members minimum wage, Bimbo has converted property which belongs to the Plaintiff and other Collective Members to its own use.

77. By failing and/or refusing to pay the Plaintiff and other Collective Members minimum wage, Bimbo has unjustly enriched itself.

78. By failing and/or refusing to pay the Plaintiff and other Collective Members requisite overtime wages, Bimbo has repeatedly taken property and monies from the Plaintiff and other Collective Members.

79. By failing and/or refusing to pay the Plaintiff and other Collective Members requisite overtime wages, Bimbo has converted property which belongs to the Plaintiff and other Collective Members to its own use.

80. By failing and/or refusing to pay the Plaintiff and other Collective Members requisite overtime wages, Bimbo has unjustly enriched itself.

81. As a direct and proximate result of Bimbo's actions and conduct, the Plaintiff and the other Collective Members have incurred economic damages and non–economic damages, and said economic damages and non-economic damage will continue in the future.

82. It would be inequitable and unconscionable to allow Bimbo to continue to benefit at the expense of the damages suffered by the Plaintiff and other Collective Members.

### COUNT V
### FRAUD

83. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 82 of this Complaint as if fully set forth verbatim herein.

84. The mathematical formula created by Bimbo was devised in such a way as to maximize the profits of Bimbo at the expense of the Plaintiff and other Collective Members.

85. Specifically, Bimbo charged all returned products against the Plaintiff and other Collective Members at a higher retail price, thereby reducing the wages paid to the Plaintiff and other Collective Members and decreasing, or altogether eliminating, any losses suffered by Bimbo. Stated alternatively, Bimbo placed the entire risk for unsold products on the Plaintiff and other Collective Members.

86. Thereafter, Bimbo sold the previously unsold products to third-parties, thereby further profiting at the expense of the Plaintiff and other Collective Members.

87. The mathematical formula created by Bimbo for unsold, returned products constitutes fraud.

88. By improperly withholding or reducing the wages of the Plaintiff and other Collective Members for products returned from retail stores as unsold, Bimbo has committed fraud.

89. By failing and/or refusing to pay the Plaintiff and other Collective Members minimum wage, Bimbo has committed fraud.

90. By failing and/or refusing to pay the Plaintiff and other Collective Members requisite overtime wages, Bimbo has committed fraud.

91. As a direct and proximate result of Bimbo's actions and conduct, the Plaintiff and the other Collective Members have incurred economic damages and non–economic damages, and said economic damages and non-economic damage will continue in the future.

### COUNT VI
### PUNITIVE DAMAGES

92. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 91 of this Complaint as if fully set forth verbatim herein.

93. Bimbo's actions were willful, wanton, reckless, and intentional and demonstrate gross indifference to the rights of the Plaintiffs and the other Collective Members.

94. The actions and conduct of Bimbo as described herein were intentional, outrageous, and reprehensible, and said actions and conduct were performed in bad faith with willful, wanton, and malicious intent and reckless disregard or indifference the rights of the Plaintiff and other Collective Members.

95. Punitive damages should be assessed by a jury to punish the actions and conduct of Bimbo and to deter and prevent similar bad faith conduct in the future.

96. To the extent supported by the evidence developed in the case *sub judice*, the Plaintiff and other Collective Members seek punitive damages to punish Bimbo and to deter similar bad faith conduct in the future.

**WHEREFORE,** the Plaintiff prays that this case be certified and maintained as a collective action and for judgment to be entered upon Bimbo as follows:

(a) Whether Bimbo failed to pay the Plaintiff and other Collective Members overtime pay as mandated by the FLSA;

(b) Economic and compensatory damages on behalf of the Plaintiff and all Collective Members;

(c) Restitution;

(d) Actual damages sustained;

(e) Punitive damages;

(f) Declaratory relief, including but not limited to a declaration that Bimbo is financially responsible for implementing and maintaining a system to prevent such actions as those described herein from happening in the future;

(g) Injunctive relief prohibiting Bimbo from misappropriating monies withheld from wages of the Plaintiff and other Collective Members;

(h)   Attorney's costs and fees; and

(i)   Any and all such other relief as this Honorable Court may deem just and proper.

**THE PLAINTIFF AND ALL SIMILARLY SITUATED COLLECTIVE MEMBERS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**MATTHEW PARTON**

By Counsel:

/s/ Stephen P. New_____
Stephen P. New (WVSB # 7756)
Amanda J. Taylor (WVSB # 11635)
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV  25801
Telephone: (304) 250-6017
Facsimile: (304) 250-6012

and

/s/ Anthony J. Majestro_____
Anthony J. Majestro, Esq. (WVSB # 5165)
POWELL & MAJESTRO
405 Capitol Street
Suite P-1200
Charleston, WV 25301
Telephone: (304) 346-2889
Facsimile: (304) 346-2895